798 F.2d 1356
 1986-2 Trade Cases 67,271, 21 Fed. R. Evid. Serv. 738
 BALOGH'S OF CORAL GABLES, INC., David R. Balogh, Inc., and
Balogh Jewelers of Hallandale, Inc., Plaintiffs-Appellants,
v.
Irving GETZ, Mayor's Jewelers, Inc. and Rolex Watch, USA,
Defendants-Appellees.
 No. 84-5731.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 9, 1986.
 
 Joel D. Eaton, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., for plaintiffs-appellants.
 David L. Ross, Greenberg, Traurig, Hoffman, Lipoff, Quental & Wolff, P.A., Miami, Fla., for Getz/Mayor's Jewelers, Inc.
 Brian F. Spector, Kenny, Nachwalter & Seymour, P.A., Miami, Fla., Stephen Ruffino, Gibney, Anthony & Flaherty, Donald J. Williamson, John F. Flaherty, New York City, for Rolex Watch, USA.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK and EDMONDSON, Circuit Judges.
 VANCE, Circuit Judge:
 
 
 1
 We have taken this case en banc to consider plaintiff Balogh's contention that the original panel of this court should have reversed the district court's refusal to admit the testimony and written statement of A. Zachary Agran. We reinstate the original panel opinion, 778 F.2d 649 (11th Cir.1985), as to all issues except the Agran issue, designated in the original opinion as headnote three. Concerning that issue we substitute the following discussion.
 
 
 2
 Balogh's asserted on appeal that the trial court erred in excluding the testimony and written statement of A. Zachary Agran, a former employee of Mayor's. While seeking employment with Balogh's in January 1980, Agran allegedly made statements that generally inculpated Mayor's and Rolex in the conspiracy alleged in Balogh's complaint. Agran initialed a statement handwritten by Balogh's counsel, and at that time or thereafter there was written at the end of the statement the following: "Dated January 4, 1980 Gloria Lazar Notary." The notary seal was present along with the date of expiration for the notary's commission, but there was no certification that the writing was sworn to and subscribed before the notary. Agran contends that he did not read the handwritten statement before initialing it, that there was no notary present at that time, and that the statement was not notarized in his presence. Plaintiffs' attorney later mailed Agran a typed copy for his signature, but Agran did not sign. He testified that the typewritten statement was inaccurate, that he tore it up and threw it away and that he heard nothing further from the attorney. In February 1984 Agran gave Mayor's counsel an affidavit recanting the statement purportedly made four years earlier. On application for rehearing, Balogh's presses as its primary contention that the handwritten statement initialed by Agran should have been admitted by the trial court under the residual hearsay exception, Fed.R.Evid. 803(24).[1]
 
 
 3
 We note first that prior notarized statements may be admitted under Rule 803(24) at the trial judge's discretion. Admission of a sworn statement by a "turncoat witness" is an appropriate application of that rule. We will not disturb a trial judge's determination as to admissibility of evidence on appeal absent a clear showing of an abuse of discretion. Baylor v. Jefferson County Board of Education, 733 F.2d 1527, 1533 (11th Cir.1984). A district court has considerable discretion in determining admissibility under Rule 803(24), and we are particularly hesitant to overturn a trial court's admissibility ruling under the residual hearsay exception absent a "definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors." Page v. Barko Hydraulics, 673 F.2d 134, 140 (5th Cir.1982).
 
 
 4
 Outside the presence of the jury, the trial judge in this case took testimony from Agran and heard the plaintiffs' proffer concerning their version of the facts touching on the admissibility of the writing. The court excluded Agran's testimony and the subsequent proffer, and denied plaintiffs' request to have the writing admitted under Rule 803(24). Sharp factual dispute exists concerning the "circumstantial guarantees of trustworthiness" of the handwritten statement. We conclude that the trial court properly considered the factors for admission under Rule 803(24), and we are not convinced that the court made a clear error of judgment in weighing those factors and making its ruling. The record indicates that the trial court did not abuse its discretion, and we affirm the denial of the statement's admission.[2]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Evid. 803(24) states:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness: ....
 (24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.
 
 
 [2]
 The original panel in this case understood plaintiffs' primary contention to be that plaintiffs were entitled to call Agran to the stand and impeach him with the earlier written statement under Fed.R.Evid. 607. The panel affirmed the district court's contrary ruling under Rule 607 and correctly based its decision on Whitehurst v. Wright, 592 F.2d 834 (5th Cir.1979). We adhere to Whitehurst 's holding that under Rule 607 a witness may not be called solely for the purpose of impeaching him and thereby obtaining otherwise inadmissible testimony. Assuming arguendo that this issue was sufficiently preserved and properly before this court, we conclude that the district court ruled appropriately in excluding Agran's testimony. Id. at 839. We note that this court's decision in Wilson v. City of Aliceville, 779 F.2d 631 (11th Cir.1986), is inapposite. In Wilson the court reversed the district court's exclusion of a witness' prior written statement that was later disavowed. Id. at 637. The district court's ruling, however, had been based on Fed.R.Evid. 403. Neither the trial court nor the party opposing the statement's admission objected to its admission on the basis of its being hearsay
 We also note that plaintiffs in this case have never offered Agran's written statement as a prior inconsistent statement under Fed.R.Evid. 801(d)(1)(A), and we therefore do not rule on its admissibility as such.